# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>David W. Lebsock<br>SSN: XXX-XX-4858<br><br>Cheryl R. Lebsock<br>SSN: XXX-XX-4233<br><br>Debtors. | Case No.: 22-10322-TBM<br><br>Chapter: 11 |

**DEBTORS' RENEWED MOTION FOR ORDER APPROVING INTERIM ADVANCE PAYMENT PROCEDURES FOR ALL PROFESSIONALS**

Debtors-in-Possession, David W. Lebsock and Cheryl R. Lebsock (collectively, the "**Debtors**"), hereby submits their Renewed Motion for Order Approving Interim Advance Payment Procedures for All Professionals, pursuant to 11 U.S.C. § 331 and L.B.R. 2016-2(b) (the "**Renewed Motion**"), and in support thereof states as follows:

## I. BACKGROUND

1. On February 1, 2022 (the "**Petition Date**"), the Debtors filed their voluntary petition for bankruptcy pursuant to Chapter 11 of the United State Bankruptcy Code (the "**Bankruptcy Code**"). *See* Dkt. No. 1.

2. The Debtors are debtors-in-possession of their scheduled property and will continue operating and managing their various businesses under 11 U.S.C. §§ 1107 and 1108.

3. As reflected in their petition, the Debtors are both full and partial owners of several entities that operate in various industries including but not limited to agricultural and farming, commercial real estate, and other related businesses. They are currently in the process of reorganizing their debts.

4. On February 1, 2022, the Debtors filed (1) an *Ex Parte* Application to Employ Allen Vellone Wolf Helfrich & Factor, P.C. ("**AVWHF**") as Counsel pursuant to 11 U.S.C. § 327(a) (the "**Application to Employ AVWHF**"); (2) Motion to Approve Post-Petition Retainer to be Provided by the Debtors-in-Possession to AVWHF (the "**Post-Petition Retainer Motion**"); and (3) a Motion for Order Approving Interim

Advance Payment Procedures for All Professionals (the "**Initial Interim Payment Motion**"). *See* Dkt. Nos. 8, 9 and 12.

5. On February 25, 2022, the Court entered orders granting both the Application to Employ AVWHF and the Post-Petition Retainer Motion, but denying, without prejudice, the Initial Interim Payment Motion, citing Debtors' omission of a verified statement as required by L.B.R. 2016-2. *See* Dkt. Nos. 44, 45 and 46.

6. Debtors therefore submit the instant Renewed Motion, in accordance with the Court's February 25th directive, attaching as **Exhibits 1** and **2** hereto, the affidavits of both David W. Lebsock and Cheryl R. Lebsock, respectively, in conformity with L.B.R. 2016-2(b)(1)(B), and respectfully request entry of an Order under 11 U.S.C. § 331 and L.B.R. 2016-2(b) authorizing procedures for interim advance payments of fees and reimbursement of expenses for its professionals, including but not limited to AVWHF (the "**Professionals**").

## II. MOTION

### A. Necessity and Feasibility of Interim Payments

7. The Professionals in the case may be at considerable risk due to the effort which will be required as a result of the complexities involved in this case and the substantial and unusual amount of post-petition work required by the Debtors' professionals to ensure the accuracy and completeness of the schedules and statements. Moreover, if payment to professionals is delayed until 120-day fee applications are approved, the professionals will effectively be forced to finance a significant portion of the administration of this case. The Debtors and counsel submit this would place hardship on the Professionals retained in the case.

8. As set forth in the Motion to Approve Retainer, pre-petition, AVWHF received from the Debtor a $30,000.00 retainer from and paid by the Debtors, individually for undertaking this matter – all of which was exhausted pre-petition (the "Pre-Petition Retainer"). *See* Dkt. No. 9. The Debtors' businesses and operations are complex multi-faceted and extensive, and as such the Pre-Petition Retainer was expended on pre-filing related legal services performed on the behalf of the Debtors. The Pre-Petition Retainer was paid by the Debtors, individually, and not by or through any of their entities, a principal thereof, insider, or affiliate of the debtors. *See* Dkt. No. 9. Debtor has obtained Bankruptcy Court Approval of a $25,000.00 Post-Petition Retainer from the Debtors in order to represent the Debtors in this chapter 11 bankruptcy case, which, due to the complexities of the estate and its assets and

2

liabilities, will require a substantial amount of time-consuming and detail-oriented work. *See* Dkt. No. 44.

9. If the interim advance payment procedures requested herein are approved by the Court, it is submitted that interim advance payments will not adversely impact the Debtors' cash flow, since AVWHF will first draw against its Court-approved Post-Petition Retainer, for its interim fees and reimbursement of expenses, until such time as the retainers are expended, and thereafter, fees will be paid as cash flow permits. Attached hereto and incorporated herein by reference are Affidavits of both David W. Lebsock and Cheryl R. Lebsock (**Exs. 1** and **2**, respectively), which establish that the Debtors have substantial valuable assets that will be monetized during the pendency of this Bankruptcy Case from which Professional's interim payments as set forth herein, would be paid. *See* **Exhibit 1** (DWL Aff.) and **Exhibit 2** (CRL Aff.). Debtors' represent that their monthly cash flow is anticipated to be sufficient to allow payment to their Professionals and other potential administrative priority claimants on a monthly or other specified advance basis. *Id.* In the event that there is insufficient cash flow for Debtors to pay interim compensation pursuant to this order such payments shall not be made.

10. The Debtors project that monthly fees and expenses of Professionals that they have and will retain herein could equal at least $10,000 - $15,000, or more, due to the complexities of the Estate and its assets and liabilities, the substantial amount of time-consuming and detail-oriented work that will be required post-petition, in addition to the likelihood of litigation in this case.

11. The Debtors seek an order establishing an interim advance payment procedure for the Professionals retained pursuant to an Order of this Court authorizing the Debtors to pay Professionals from the Debtors' cash flow, for post-petition services, including one hundred percent (100%) of the Professional's expenses and eighty percent (80%) of the professional's fees on a monthly basis with twenty percent (20%) of such fees being held back by the Debtor ("Holdback"). All fees paid shall be subject to approval by the Court through fee applications. To the extent any fees or expenses are not approved by the Court, they shall either be offset against the twenty percent (20%) Holdback or be disgorged from the Professional as appropriate.

12. Debtors and their counsel believe that it is necessary and appropriate to establish a procedure for paying Interim Advance Payments on a monthly basis to Professionals retained by order of the Court. The Professionals will be required to devote substantial time, effort, and personnel to this case. The absence of a procedure for awarding interim advance payments will cause undue financial burdens on counsel or might discourage other Professionals whose services the Debtors might require from accepting or continuing employment.

13. Debtors believe that the procedure outlined herein provides an efficient means of payment of legal services and reimbursement of expenses, as well as appropriate review by all parties in interest and the Court. The Interim Advance Payment outlined herein is appropriate under the Bankruptcy Code and the Local Rules of this Court. Section 331 of the Bankruptcy Code provides as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under Sections 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, <u>or more often if the court permits</u>, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title. <u>After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement</u>.

11 U.S.C. §331 (emphasis added).

14. Section 102(1) of the Bankruptcy Code provides that "after notice and a hearing":

> (A) means after such notice as appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but (B) authorizes and act without an actual hearing if such is given properly and if […]
>
> > (i) such a hearing is not requested timely by a party in interest[.]

11 U.S.C. §102(a).

15. Local Bankruptcy Rule 2016-2(b) provides that the Court may approve Interim Advance Payment procedures in appropriate cases.

16. Interpreting Sections 328, 330 and 331 of the Bankruptcy Code, the courts have recognized the need to permit regular monthly payments of compensation and reimbursement to Chapter 11 professionals prior to the entry of a formal court

4

order awarding compensation and reimbursement following notice of the hearing. *In re Niover Begels, Inc.,* 214 B.R. 291 (Bankr. E.D.N.Y. 1997), *In re Haven Elder Care, LLC,* 382 B.R. 180 (Bankr. D. Conn. 2008).

**B.     Relief Requested**

17.    The Debtors submit that it is appropriate for the Court to adopt, pursuant to L.B.R. 2016-2(b), the following procedure in this proceeding for Interim Advanced Payments of compensation and reimbursement of expenses to Professionals retained to represent the Debtors:

a.    Within 14 days from the end of the monthly billing cycle for which interim advance payments ("Interim Advance Payments") are sought, the Debtors shall prepare a detailed monthly statement ("**Monthly Statement**"). The Monthly Statement shall comply with L.B.R. 2016-1(a)(2)(B). Monthly Statements seeking the reimbursement of expenses shall include a summary of expenses by category. Whenever a person pays expenses for others, the person shall be identified. Any fees or expenses not submitted in any month may be submitted in the next monthly billing cycle to obtain payment or await the formal fee application process to obtain payment.

b.    Notice of Interim Advance Payments must be timely given along with an attached copy of the applicable Monthly Statement to the Debtors, Debtors' attorney(s), U.S. Trustee and, if applicable, the Chapter 11 trustee, attorney for the Creditors' Committee (or if there is no committee attorney, to all members of the committee), and any party in interest who has specifically requested copies of the Monthly Statements ("**Noticed Parties**").

c.    The description of any services regarding a confidential matter may be redacted from the Monthly Statements. Professionals shall endeavor to use descriptions that will allow adequate review of their service without compromising sensitive commercial information, attorney, attorney work product or other privileges. If a redacted entry is questioned, such entries shall be treated as an Informal Objection. For allowance of the fees for the redacted entries, professionals shall move to submit unredacted monthly statements to the Court under seal as part of their subsequent formal fee application.

d.    Objections to monthly statements, referred to as "**Informal Objections**" shall be submitted no later than 14 days after receiving notice of the Monthly Statement. Informal Objections must be submitted to the professionals and Noticed Parties and shall not be filed with the Court.

  e. Informal Objections shall specify the nature of the objection and the associated specific amount(s) within the Monthly Statement considered objectionable.

  f. In the event a Professional receives an Informal Objection, then the professional may not seek or accept an interim advance payment of any amount to which an Informal Objection has been lodged (and remain unresolved between the Professional and objecting party). Instead, the professional shall wait to obtain payment through the formal interim or final fee application process or seek further order of the Court. As provided herein, the Professional may then receive 80% of the fees and 100% of the expenses not subject to an unresolved objection.

  g. The Bankruptcy Estate's representative shall be authorized to pay and the professional may seek or accept Interim Advance Payments when and only to the extent that funds are available to pay all professionals and other known administrative priority claimants and the professional has fully complied with the provisions of L.B.R. 2016-2(b) and the Order authorizing

  h. The Interim Advance Payment procedures, including Notice and Objection provisions as provided for herein.

  i. Failure to lodge an Informal Objection does not, by itself, constitute waiver of the right to object to a formal interim or final fee application. All Interim Advance Payments are subject to the interim and final fee applications filed with the Court pursuant to 11 U.S.C. §§ 330 and 331 and therefore subject to disgorgement.

  j. Reasonable time and expenses incurred in the preparation of monthly statements and formal applications shall be reimbursable from the estate.

  k. Notice of any proposed increase in an individual professional's billing rate must be filed with the Court and separately noticed to the Noticed Parties, and those parties shall have thirty (30) days to file objections to the proposed increase.

  l. This application, if approved, will not preclude any party-in-interest from seeking extraordinary relief or expedited action by the Court to resolve or clarify disputes regarding professional compensation or expense reimbursement.

  m. Every Professional seeking interim advance payments shall comply with 11 U.S.C. §§330 and 331, L.B.R. 2016-1 and L.B.F. 2016-1.1 for interim and final compensation approval, file formal interim fee applications not more than every 120 days and at least every 180 days unless otherwise ordered by the Court, seek final approval of all interim compensation fee applications by filing a final fee application and when applicable, suspend seeking or accepting an interim advance payment as provided in L.B.R. 2016-2(c).

18. Counsel shall not be permitted to be paid from cash collateral without the written consent of the relevant secured creditor or Court Order.

19. Counsel for the Debtors have provided a copy of this Motion to the United States Trustee and all parties who have entered an appearance in this case in accordance with the applicable Federal and Local Bankruptcy Rules.[1]

### III. CONCLUSION

WHEREFORE, for reasons as set forth above, the Debtors respectfully requests that this Court enter an Order approving this procedure for Interim Advance Payments for professionals retained in the case and further authorizing Allen, Vellone Wolf Helfrich & Factor, P.C. to draw on the Post-Petition Retainer (as defined in the Motion to Approve Retainer), upon Bankruptcy Court approval of same, under the terms and conditions set forth herein, and for such other and further relief as the Court deems just.

---

[1] The Court's February 25th Order explicitly states that the Debtors "need not serve further notice of the renewed Motion and the verification as is required by L.B.R. 2016-2(b)(1)(E). Dkt. No. 45. As such, Notice of the filing of this Renewed Motion and all attachments thereto, along with the Proposed Order are being served through CM/ECF on all parties that have entered their appearances or otherwise receive notices via same.

Dated: March 4, 2022

Respectfully submitted,

By: *s/ Rachel A. Sternlieb*
    Patrick D. Vellone, #15284
    Jeffrey A. Weinman, #7605
    Rachel A. Sternlieb, #51404
    ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.
    1600 Stout Street, Suite 1900
    Denver, CO 80202
    Telephone: (303) 534-4499
    pvellone@allen-vellone.com
    jweinman@allen-vellone.com
    rsternlieb@allen-vellone.com

    **COUNSEL FOR DAVID AND CHERYL LEBSOCK, DEBTORS-IN-POSSESSION**

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March 2022, I electronically filed the foregoing via the Court's CM/ECF filing system and notice of the filing was served in accordance with the Court's February 25th Order [Dkt. No. 45] and applicable Fed. R. Bankr. P. and L.B.R., on the following:

Richard D. Beller
Ringenberg & Beller, P.C.
1000 Centre Avenue
Fort Collins, CO 80526
rdb@rb-legal.com

Christopher L. Richardson
Kyler Burgi
Davis Graham Stubbs
1550 17th Street, Ste 500
Denver, CO 80202
chris.richardson@dgslaw.com
kyler.burgi@dgslaw.com

Lori C Hulbert
SGR, LLC
326 Main Street
Sterling, CO 80751
lhulbert@sgrllc.com

US Trustee
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-00200
Denver, CO 80294
USTPRegion19.DV.ECF@usdoj.gov

Alan K. Motes
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294
Alan.Motes@usdoj.gov

John A. O'Brien
Spencer Fane, LLP
1700 Lincoln St., Ste. 2000
Denver, CO 80202
jobrien@spencerfane.com

Robert Padjen
1300 Broadway, 8th Floor
Denver, CO 80203
Robert.padjen@coag.gov

Jeremy Peck
1801 California St., Ste. 3100
Denver, CO 80202
jeremy.peck@kutakrock.com

Brian T. Ray
Hatch Ray Olsen Conant, LLC
730 17th St., Suite 200
Denver, CO 80202
bray@hatchlawyers.com

Beverly Edwards
The Rocky Mountain Law Group
8440 E. Prentice Ave., Ste. 1500
Greenwood Village, CO 80111
Tel: (303) 597-8011
bedwards@rmlgrp.com

Arvind Nath Rawal
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
ECFNotices@aisinfo.com

Irvin Borenstein
Borenstein & Associates, LLC
7200 S. Alton Way, Suite B180
Centennial, CO 80112
Email: irv@ibalegal.com

| | |
|---|---|
| Valerie Smith<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541<br>E-mail: Claims_RMSC@PRAGroup.com | Michael C. Payne, Esq.<br>Coan, Payton & Payne, LLC<br>1711 61st Avenue, Suite 100<br>Greeley, Colorado 80634<br>E-mail: mpayne@cp2law.com |
| Russell J. Sprague<br>Cline Williams Wright Johnson & Oldfather, LLP<br>215 Mathews Street, Suite 300<br>Fort Collins, CO 80524<br>Email: rsprague@clinewilliams.com | Douglas W. Brown<br>Brown Dunning Walker Fein, P.C.<br>2000 South Colorado Boulevard<br>Tower Two, Suite 700<br>Denver, Colorado 80222<br>dbrown@bdwf-firm.com |

*/s/ Terri M. Novoa*
ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.